UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS    JUN 14  P 12: 39

CENTRAL SECTION

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

JOHN J. HALLORAN,
Plaintiff

V.

RJM CORPORATION and RICHARD J.
MONRO,
Defendants

CIVIL ACTION NO.

**04-40110**

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### INTRODUCTION

This is an action brought by the former Vice President and General Manager of the

defendant RJM Corporation ("RJM") to enforce contractual obligations of the defendant to

comply with its severance obligations, including payment of six months' severance, following

his termination without cause on February 13, 2004.  The plaintiff also asserts claims for

violation of the Connecticut wage laws, Conn. Gen. Stat. §31-71 *et seq.* and intentional

interference by the president and chief executive officer with his contractual relationship with

RJM.

### PARTIES

1.      The plaintiff, John J. Halloran, is an individual residing at 52 Whisper Drive,

Worcester, Massachusetts.

2.      The corporate defendant, RJM Corporation, is a corporation with a principal place

of business at 101 Merritt 7, Norwalk, Connecticut, 06851.

RECEIPT # 404444
AMOUNT $ 150.00
SUMMONS ISSUED NO
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 6/14/04

{H:\PA\Lit\19264\00001\A0713252.DOC}

3.     The individual defendant, Richard J. Monro, is an individual residing in

Scottsdale, Arizona.  At all times relevant hereto, Mr. Monro is the President and Chief

Executive Officer of RJM.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)

because it is between citizens of different states and the amount in controversy exceeds $75,000.

5.     Venue is proper in this district and section pursuant to 28 U.S.C. §1391(c) and

Local Rule 40.1(D)(1)(c).

## FACTUAL ALLEGATIONS

6.     On or about April 11, 2001, the plaintiff and RJM Corporation entered into an

Employment Agreement, a true copy of which is attached as Exhibit A (the "Agreement").

7.     Under the terms of the Agreement, the plaintiff was employed as Vice President

and General Manager of the Combustion and Environmental Group of RJM.

8.     The Agreement contained a severance provision which provided as follows:

> **Termination by RJM Without Cause**.  If RJM terminates your
> employment without "cause" (as defined below), within five (5)
> years of the date you commence employment with RJM, RJM's
> sole obligation will be to provide you with salary through your
> termination date, plus unused vacation pay in accordance with
> RJM's policies, a severance payment equal to six (6) months base
> salary to be paid in equal installments in accordance with RJM's
> normal payroll practices commencing with your termination date
> and medical coverage at the same rate as for active employees for
> the six (6) month period.  You shall not be entitled to any unearned
> performance bonus or other compensation.

9.     The plaintiff commenced employment with RJM on or about April 16, 2001.

10.     The plaintiff's base salary as provided for in the Agreement was $240,000.00 per

year.

11.    On or about February 13, 2004, RJM and Mr. Monro terminated the employment of the plaintiff without cause.

12.    RJM did not make the severance payments in breach of the Agreement.

13.    On or about March 9, 2004, the plaintiff made demand upon RJM to fulfill its severance obligations under the Agreement.

14.    RJM made no response to that demand other than to continue the plaintiff's medical coverage.

## COUNT I

## BREACH OF CONTRACT v. RJM CORPORATION

15.    The plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

16.    The plaintiff fully and completely performed his obligations under the Agreement.

17.    RJM breached its obligations under the Agreement by failing to pay the severance payments.

18.    As a direct and proximate result, the plaintiff has suffered damages totaling $120,000.00.

## COUNT II

## VIOLATIONS OF CONNECTICUT WAGE ACTS v. RJM CORPORATION AND RICHARD J. MONRO

19.    The plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

20.    The plaintiff was an employee earning wages as those terms are defined in Conn. Gen. Stat. §31-71a.

21.    RJM and Mr. Monro were employers as that term is defined in Conn. Gen. Stat. §31-71a and case law.

22.    Conn. Gen. Stat. §31-71e prohibits an employer from withholding any portion of an employee's wages with certain exceptions not applicable to the facts in the case at bar.

23.    During the course of the plaintiff's employment, RJM withheld portions of the plaintiff's wages in violation of Conn. Gen. Stat. §31-71e.

24.    The unlawful withholding by RJM and Mr. Monro began in January of 2002 and continued throughout the plaintiff's employment.

25.    The amount of wages withheld from the plaintiff totaled $124,602.46. Of that amount, $58,153.85 was unlawfully withheld in 2002, $45,240.38 was unlawfully withheld in 2003, and $21,208.23 was unlawfully withheld in 2004.

26.    The defendants made payment of those withheld sums on February 20, 2004.

27.    In addition, as described above, the defendants have unlawfully withheld severance wages due and payable under the Agreement in the amount of $120,000.00.

28.    The defendants' actions in withholding the plaintiff's wages were arbitrary, unreasonable, or in bad faith.

29.    Pursuant to Conn. Gen. Stat. §31-72, the plaintiff is entitled to recover twice the full amount of such wages unlawfully withheld, with costs and such reasonable attorney's fees as may be allowed by the Court.

## COUNT III

## TORTIOUS INTERFERENCE v. RICHARD J. MONRO

30.    The plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

31.    The plaintiff and RJM had a contractual relationship which provided for severance payments to be made by RJM to the plaintiff.

32.    The defendant Mr. Monro tortiously interfered with the contractual relationship between the plaintiff and RJM and caused RJM not to make the severance payments required under that Agreement.

33.    The conduct of Mr. Monro in interfering with the contractual relationship between the plaintiff and RJM was motivated by an improper motive or undertaken utilizing improper means.

34.    As a direct and proximate result of Mr. Monro's tortious interference with his contractual relationship, the plaintiff has suffered damages in the amount of $120,000.00.

**WHEREFORE,** the plaintiff demands judgment against the defendants jointly and severally as follows:

1.    for such actual damages as may be proven at trial, but said sum not less than the contractual severance payments of $120,000.00;

2.    for the multiplication of the amounts unlawfully withheld totaling $244,602.46 pursuant to Conn. Gen. Stat. §31-72;

3.    for reasonable attorney's fees pursuant to Conn. Gen. Stat. §31-72;

4.    for costs of suit and interest; and

5.    for such other and further relief as the Court may deem just and proper.

## JURY DEMAND

John J. Halloran requests a trial by jury on all Counts of this Complaint.

Respectfully submitted,

JOHN J. HALLORAN

By his attorney,

_Kristina H. Allaire_

Richard C. Van Nostrand, Esq.
BBO #507900
Kristina H. Allaire, Esq.,
BBO #646001
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: June 14, 2004

44
Rev. 11/95)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

John J. Halloran
52 Whisper Drive
Worcester, MA 01609

**DEFENDANTS**

RJM Corporation and Richard J. Monro
101 Merritt &          7910 E. LaJunta Road
Norwalk, CT 06851    Scottsdale, AZ 85255

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)

Richard C. Van Nostrand, Esq.
Mirick O'Connell
100 Front Street
Worcester, MA  01608-1477
(508) 791-8500

ATTORNEYS (IF KNOWN)

## BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

2 U.S. Government Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☒ Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| 151 Medicare Act | | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| 220 Foreclosure | ☐ 442 Employment | | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| 290 All Other Real Property | | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | | ☐ 871 IRS · Third Party 26 USC 7609 | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Breach of contract action brought in this Court pursuant to 28 U.S.C. Section1332(a) between citizens of different states and where the amount in controversy exceeds $75,000.  The plaintiff has also brought a cause of action for tortious interference with contract and violations of Conn. Gen. Stat. Section 31-71 et seq.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $364,602.46
Plus Attorneys Fees and costs

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ YES    ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE    n/a    DOCKET NUMBER _____

DATE
6/11/04

SIGNATURE OF ATTORNEY OF RECORD
Richard C. Van Nostrand, Esq.

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) John J. Halloran v.
    RJM Corporation and Richard J. Monro

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LIST
    ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1))

    ___   I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT

    ___   II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720,730,
                740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

    XX    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    ___   V.    150, 152, 153.

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E))
    N/A

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN
    FILED IN THIS COURT? No

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS
    AFFECTING THE PUBLIC INTEREST? No

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES
    PURSUANT TO TITLE 28 USC 2284? No

7.  DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF
    MASSACHUSETTS (WORCESTER COUNTY)? (SEE LOCAL RULE 40.1(C)) YES ____ OR IN THE WESTERN
    SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? (SEE LOCAL RULE 40.1(D))
    YES n/a

8.  DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN
    SECTIONS OF THE DISTRICT?   YES

    (a)   IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?    Central

9.  IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Central

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY
    GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE
    IN THE CENTRAL SECTION_____OR WESTERN SECTION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME_____    Richard C. Van Nostrand, Esq.

ADDRESS__ Mirick, O'Connell, 100 Front Street, Worcester, MA  01608-1477

TELEPHONE NO.___ (508) 791-8500

(COVER.SHT-08/90)